810

## CREEDON v. SMALL.

Civ. No. 7260.

District Court, E. D. Pennsylvania.

April 5, 1948.

Conrad G. Moffett, Office of Housing Expediter, of Philadelphia, Pa., for plaintiff.

J. Herman Kahn, of Philadelphia, Pa., for defendant.

McGRANERY, District Judge.

This action by the Housing Expediter to enforce compliance with the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 901 et seq., was filed on April 17, 1947. Plaintiff alleges and defendant admits that on March 25, 1946, the Rent Director for the Philadelphia Defense Rental Area issued two orders decreasing the maximum rent for two apartments at 1840 North 13th Street, Philadelphia, and directing defendant to refund to two named tenants, within thirty days, all funds collected over the maximum rent from the effective date of the Orders. Both Orders reduced the rent from $13 to $8.75 per week. One was effective from September 7, 1944; the other from September 6, 1944. Defendant's answer asserts that the Orders were issued improperly and are, therefore, ineffective. In addition, defendant has filed a motion for judgment on the pleadings, claiming that the one-year statute of limitations bars the action. On this record, plaintiff has moved for summary judgment, claiming that the facts are admitted and that the two legal defenses raised are invalid.

█ I feel that plaintiff's contentions are correct. Certainly neither legal argument bars judgment for plaintiff as a matter of law. It should not be necessary now to reiterate that the proper method for attacking the validity of a Rent Order is not in this proceeding, but in the manner provided for by the Price Control Act of 1942. In addition, the question of the statute of limitations, while a more weighty objection, has been decided by the Supreme Court in Woods v. Stone, 68 S.Ct. 624. It was there held that when a retroactive Rent Order is not complied with, that is the violation from which the one-year statute starts to run. Since suit in this case was commenced within one year of failure to comply with the Rent Orders, as directed, recovery can be had for the entire sum contained in those Orders, even though they cover payments made by tenants over a number of years. Moreover, there does not appear to be any genuine issue as to a material fact, except damages. Accordingly, therefore, an order will be entered granting summary judgment to plaintiff,—excluding, however, the issue of damages. Since defendant has not alleged nor offered by affidavits to prove that the violation of the Orders was neither wilful nor the result of failure to take practicable precautions against the occurrence, I feel that it would be within the Court's discretion to assess treble damages. However, I intend to give defendant an opportunity to present evidence as to this issue. Accordingly, therefore, an order will be entered directing that a hearing be held on April 21, 1948, 2 p. m., for the purpose of assessing damages in this action.