CREEDON, Housing Expediter, v. SMALL.
Civil Action No. 7260.

District Court, E. D. Pennsylvania.
June 29, 1948.

Attorneys:

Conrad G. Moffett, of Office of The Housing Expediter of Philadelphia, Pa., for plaintiff.

J. Herman Kahn, of Philadelphia, Pa., for defendant.

McGRANERY, District Judge.

This is an action by the Housing Expediter to enforce compliance with the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 901 et seq. The complaint alleged that defendant Joseph Small failed to obey two Orders of the Area Rent Director decreasing the maximum rent for two apartments owned by defendant and directing him to refund to the tenants all funds collected over the maximum rent since the effective date of the Orders. Defendant asserted various defenses. Plaintiff filed a motion for summary judgment, which, after argument, was granted. 76 F.Supp. 810. However, the issue of damages was excluded. A hearing was held before me for the purpose of assessing them.

Findings of Fact.

1. Defendant, at the time of the overcharges involved in this suit, was the landlord at 1840 North 13th Street, Philadelphia.

2. On March 25, 1946, the Rent Director for the Philadelphia Defense Rental Area issued two Orders decreasing the maximum rent for two apartments at the above address to $8.75 per week and directing defendant to refund to Viola McElveen and Minerva Carter all funds collected over the maximum rent from the effective date of the Orders.

3. Defendant collected from each tenant for seventy-four weeks $4.25 per week over the maximum rent set by the Orders, or a total of $314.50 from each in excess of the rent provided for in the Orders.

4. Defendant has failed to refund these sums to the tenants, as directed by the Orders.

Conclusions of Law.

1. Judgment shall be entered in favor of plaintiff and against defendant in the sum of $629, together with costs of suit.

2. Defendant shall tender to such persons as are entitled thereto a refund of all amounts in excess of the maximum rents which were received by defendant from the tenants named above. Such refunds shall be deducted from the amount of the judgment granted in paragraph one.